IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHEILA WRIGHT        *

v.        *     Civil Case No. RDB-17-2039

COMMISSIONER, SOCIAL SECURITY[1]   *

*************

### REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 5]. I have considered the parties' cross-motions for summary judgment, and Ms. Wright's reply. [ECF Nos. 31, 34, 37]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Social Security Administration ("SSA") employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that Ms. Wright's motion be denied, that the SSA's motion be granted, and that the SSA's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Wright's now-deceased husband, Marvin R. Wright, filed an application for Disability Insurance Benefits ("DIB") on April 6, 2015, alleging disability beginning on June 1,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

1

2012. (Tr. 149-52). Mr. Wright's date last insured was June 30, 2012, meaning that he had to establish disability within that one-month window to qualify for benefits. (Tr. 14, 154). His application was denied initially and on reconsideration. (Tr. 35-60, 63-72). An Administrative Law Judge ("ALJ") held a hearing on November 9, 2016, at which Mr. Wright waived his personal appearance but was represented by his counsel. (Tr. 24-34). Following the hearing, the ALJ determined that Mr. Wright was not disabled within the meaning of the Social Security Act during the relevant one month time frame. (Tr. 12-19). The Appeals Council denied Mr. Wright's request for review, (Tr. 4-8), so the ALJ's decision constitutes the final, reviewable decision of the Agency. Mr. Wright filed the instant lawsuit on July 21, 2017, challenging the SSA's determination.[2] [ECF No. 1].

The ALJ found that, during June of 2012, Mr. Wright suffered from the severe impairment of cirrhosis of the liver. (Tr. 14). Despite this impairment, the ALJ determined that Mr. Wright retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he could frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, and frequently balance, stoop, kneel, crouch, and crawl. He could have occasional exposure to extreme cold, extreme heat, fumes, odors, dusts, gases, poor ventilation, and hazards.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Wright could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled during June, 2012. (Tr. 17-18).

Ms. Wright disagrees with the ALJ's conclusions. She raises four primary arguments on appeal. First, she argues that the ALJ "cherry-picked" from a mixed evidentiary record. Pl. Mot. 2-3. Second, she contends that the ALJ did not fully consider a treatment note from a treating

---

[2] Mr. Wright passed away in October, 2017, and his surviving widow, Sheila Wright, has been substituted as Plaintiff in this case. [ECF Nos. 29, 30].

2

nurse practitioner, Judith Myers, from April 30, 2012. *Id.* at 3-6. Third, she argues that the ALJ drew unwarranted conclusions from Mr. Wright's travel to Florida in April, 2012. *Id.* at 6-8. Finally, she contests the ALJ's assignment of weight to the non-examining State agency consultants. *Id.* at 8-9. Each argument lacks merit for the reasons discussed below.

Ms. Wright's first two arguments are related, in that she contends that the ALJ focused on or "cherry-picked" certain parts of the notes from Mr. Wright's treating nurse practitioner in 2012, while ignoring other information from the same notes. *Id.* at 3-4. Although the relevant time period for this case is June 1-30, 2012, there are no treatment records at all during that window. The closest records to that time reflect Mr. Wright's medical treatment in February, 2012 and April, 2012. (Tr. 574-77). The ALJ reviewed each of those reports in the RFC evaluation.[3] (Tr. 16). While Ms. Wright cited excerpts from Ms. Myers's April 30, 2012 treatment record expressing that Mr. Wright's inability to withstand treatment is "unfortunate" due to his "age and degree of liver damage," Ms. Myers made no assessment of any significant functional limitations that Mr. Wright was experiencing. (Tr. 563). In fact, Ms. Myers simply noted that Mr. Wright should be seen in six months for "routine labs and imaging" and noted that his "cbc is improved." *Id.* Similarly, in the notes from an appointment in November, 2012, Ms. Myers ordered additional screening and asked Mr. Wright to return in four months for monitoring and labs. (Tr. 561-62). While Ms. Myers made reference to "advanced disease" and "degree of liver damage," nothing in those records indicates that the liver condition created work-preclusive impairments, and the ALJ's synopsis of the records was not unfair. Ultimately, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See*

---

[3] Other notes were not specifically mentioned by the ALJ, but also do not support a finding of disabling symptoms during the relevant time frame. *See, e.g.*, (Tr. 564) (noting that Mr. Wright cancelled a medical appointment in early April, 2012 because his symptoms were "starting to resolve").

3

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In light of that standard and the substantial evidence the ALJ cited in support of his assessment, remand is unwarranted.

Ms. Wright next contends that the ALJ attributed untoward weight to Mr. Wright's travel to Florida in April, 2012. She submitted a declaration to this Court that was not part of the administrative record below, in which she described Mr. Wright's physical condition during that Florida trip. [ECF No. 31-2 at 3-5]. This Court cannot consider evidence that was not presented to the SSA, but is permitted, if appropriate, to remand a case for consideration of new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g). Sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding.

42 U.S.C. § 405(g). When invoking sentence six, a court does not affirm or reverse the SSA's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* The declaration from Ms. Wright does not meet either prong of that standard for evaluating new evidence. The ALJ premised his decision not on Mr. Wright's vacation to Florida, but on the lack of evidence supporting specific "symptoms or limitations" during the short one-month period at issue in this case. (Tr. 16). A description of the vacation to Florida, then, would not likely change the outcome of the proceeding. More importantly, though, there is no good cause for the failure to submit Ms. Wright's testimonial evidence, at the very least, to the Appeals Council during the administrative proceedings, even if its relevance could not have been anticipated in the hearing before the ALJ. Without such a showing of good cause, a sentence six remand is unwarranted.

4

Finally, Ms. Wright objects to the ALJ's assignment of weight to the opinions of the non-examining State agency physicians. Pl. Mot. 8-9. Ms. Wright notes that the ALJ assigned "no weight" and "great weight" to some of the same opinions. *Id.* The ALJ clearly explains, however, that he assigns "no weight" to those opinions finding Mr. Wright disabled as of 2015, and "great weight" to the opinions finding insufficient evidence to establish his disability during June, 2012. (Tr. 16-17). That assignment of weight aligns with the record, which is devoid of evidence that Mr. Wright experienced disabling symptoms in June of 2012. Accordingly, I find no basis for remand, and recommend that the Court affirm the SSA's decision.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 34];

2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 31];

3. the Court AFFIRM the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g); and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge,

except upon grounds of plain error.


Dated: July 13, 2018                                         /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge